IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00282-F-3
No. 5:16-CV-00777-F

| | |
|---|---|
| REGINALD JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Reginald Jones has filed a motion for relief pursuant to 28 U.S.C. § 2255 [DE-812, -815].[1] For the reasons set forth below, the court will summarily dismiss Jones' motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2008, Jones was charged in a six-count Indictment [DE-3]. Jones was later charged in a nine-count Superseding Indictment [DE-175]. Then, on October 26, 2015, Jones was charged in a one-count Criminal Information [DE-718]. In the Criminal Information, Jones was charged with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846.

At Jones' arraignment, held on November 2, 2015, he pled guilty to the Criminal

---

[1] Jones' initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-812], which was filed on August 15, 2016. At the court's direction, Jones filed a "conforming" motion [DE-815] on September 15, 2016.

Information, pursuant to a written plea agreement [DE-724]. It was agreed that the Indictment as to Jones only would be dismissed at sentencing. *Id.* at 5

Jones' sentencing was held on January 26, 2016, and he was sentenced to 84 months' imprisonment. *See* Judgment [DE-754]. Jones did not file a direct appeal.

On August 15, 2016, Jones filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-812, 815]. In his sole claim, Jones argues that he is entitled to a two-point reduction in his sentence pursuant to the retroactivity of *Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). Mot. Vacate [DE-815] at 4.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); *accord* 28 U.S.C. § 2255(b); *see Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original). Because Petitioner is proceeding *pro se*, the court must construe his motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

Jones appears to argue that he is entitled to relief under Amendment 794 to the United States Sentencing Guidelines. Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which

2

addresses a mitigating role in the offense.[2] *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[3] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

Amendment 794 has been found to apply retroactively in direct appeals. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In this case, however, Jones did not file a direct appeal, and his time for filing a direct appeal has passed.

Likewise, Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. *United States v. Perez-Carrillo*, No. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016). Consequently, Jones is not entitled to relief under Amendment 794.

---

[2] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

[3] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

3

## IV. CONCLUSION

For the foregoing reasons, Jones' Motion to Vacate [DE-812, -815] is SUMMARILY DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct).

SO ORDERED.

This the _16_ day of September, 2016.

*James C. Fox*

JAMES C. FOX
Senior United States District

4